UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVID L. SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-2142 |
| SGT. THOMPSON, *et al.* | ) ) ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Macon County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need and failure to protect from harm. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is a federal pretrial detainee incarcerated at the Macon County Jail ("Jail").  Defendants are employed at the facility in the following capacities: Defendant Amy was a nurse and Defendant Thompson was a correctional officer.

Plaintiff alleges that while incarcerated at the jail, he began to experience pain throughout his body.  Plaintiff alleges that medical staff at the jail, including Defendant Amy, refused to treat his condition.  Plaintiff alleges that his condition progressed to the point where he could not walk, required use of a wheelchair, and was eventually sent to an outside medical provider.

Plaintiff alleges also that he was attacked by his cellmate. Plaintiff alleges that shortly before he was assigned to share a cell with his alleged assailant, the assailant had attacked another inmate.  Plaintiff alleges, however, that jail officials either failed or refused to discipline the assailant for this prior assault.  Plaintiff alleges he was injured during this assault.

# ANALYSIS

## Medical Claims

Inmates are entitled to adequate medical care under the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Because Plaintiff was a pretrial detainee, however, his rights are derived from the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment.  Burton v. Downey, 805 F.3d 776, 784 (7th Cir. 2015) (citing Pittman v. Cnty. of Madison, 746 F.3d 766, 775 (7th Cir. 2014)).  The standards under the respective amendments are essentially the same.  Id. (citing Smego v. Mitchell, 723 F.3d 752, 756 (7th Cir. 2013)).

To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  Estelle, 429 U.S. at 105.  Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).  Rather, liability attaches when "the official knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The exact nature of Plaintiff's medical condition is not disclosed, but his allegation that the pain progressed to the point where he was unable to walk allows for an inference that Plaintiff suffered from an objectively serious medical need. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Plaintiff alleges that medical staff refused to treat his condition, but his Complaint later references that Defendant Amy provided him with Tylenol. The latter allegation suggests that Plaintiff received at least some treatment, but at which point such treatment was administered is unknown. Plaintiff could plausibly prevail if he shows that medical staff delayed or denied medical treatment without justification. See Gonzalez v. Feinerman, 663

F.3d 311, 315 (7th Cir. 2011).  However, Plaintiff cannot prevail if he merely disagreed with the course of treatment provided.  See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).  This determination should await a more developed record.  Therefore, the Court finds that Plaintiff states a claim for deliberate indifference to a serious medical need.

## Failure-to-Protect Claim

To succeed on a failure to protect claim, a plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and, (2) prison officials acted with "deliberate indifference" to that risk.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  For purposes of satisfying the first prong, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." Id. at 843.

Plaintiff alleges that Defendant Thompson housed Plaintiff with an inmate who had previously assaulted another inmate and escaped without repercussions.  Liberally construed, Plaintiff is alleging that jail officials housed him with another inmate with a

known propensity for violence against other inmates and that jail officials condoned the attack by failing to discipline the assailant for past violent conduct. Therefore, the Court finds that Plaintiff has sufficiently alleged a claim for failure to protect against Defendant Thompson.

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff states a claim for deliberate indifference to a serious medical need against Defendant Amy, and a failure-to-protect claim against Defendant Thompson. The remaining defendants shall be dismissed. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2) **Plaintiff's Motion for Leave to Proceed in forma pauperis [7] is DENIED as moot. This Court granted Plaintiff's initial petition [3] in the text order entered June 3, 2016.**

3) **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90**

days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Attempt service on Defendants pursuant to the standard procedures;

2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and,

3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 1st day of August, 2016.

                      *s/Sue E. Myerscough*
                    SUE E. MYERSCOUGH
             UNITED STATES DISTRICT JUDGE