UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVID L. SIMPSON, | ) |
| Plaintiff, | ) |
| v. | ) 16-2142 |
| THOMPSON, *et al.* | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Marion Penitentiary brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging claims for deliberate indifference to a serious medical need and failure-to-protect from harm that arose while he was detained at Macon County Jail. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies. (Doc. 24). The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS[1]

Plaintiff filed this lawsuit on May 25, 2016. In its Merit Review Opinion, the Court found that Plaintiff stated constitutional claims

---

[1] Plaintiff did not file a response to Defendants' motion for summary judgment despite being warned of the consequences for failure to do so. See (Doc. 30) (Rule 56 Notice sent to Plaintiff). Plaintiff was also granted additional time to file a response. See (Doc. 51). In total, Plaintiff had more than eight (8) months to file a response, but he failed to do so. Accordingly, the Court will consider Defendants' asserted facts as undisputed for purposes of this ruling. See Fed. R. Civ. P. 56(e)(2).

for deliberate indifference to a serious medical need and failure to protect from harm. (Doc. 9). The latter claim stems from an altercation Plaintiff had with another inmate on January 18, 2016. The medical claim presumably stems from treatment Plaintiff received from his arrival at the jail until the time he filed this lawsuit. Plaintiff arrived at Macon County Jail ("Jail") on December 8, 2015.

To address issues that may arise, the Jail requires inmates to file a written request form. The forms provided are one-page with checkboxes for the inmate to indicate the nature of the grievance and a blank section for the inmate to elaborate on his request. The form also includes a section for the jail's response. Inmates must deliver the forms to a staff member who will either resolve the issue informally, if possible, or forward the grievance to its intended recipient.

Plaintiff filed numerous inmate request forms while detained at Macon County Jail. (Doc. 26-5). None of the inmate request forms filed discuss the issues Plaintiff asserts in this lawsuit.

## ANALYSIS

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

> The Prison Litigation Reform Act (PLRA) provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals

in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Id.; see Dole, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." Maddox v. Love, 655 F.3d 709, 721 (7th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).

Plaintiff did not file any inmate request forms with the Jail prior to initiating this lawsuit. The Court finds that Plaintiff failed to exhaust administrative remedies, and, therefore, this case must be dismissed. Ross v. Blake, 136 U.S. 1850, 1856-57 (2016) ("[A] court may not excuse a failure to exhaust, even to take special circumstances into account.").

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [24] is GRANTED. This case is dismissed without prejudice. All pending motions are denied as moot. This case is closed with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.**

2) **Defendant John Doe is dismissed without prejudice. Plaintiff did not file a motion to substitute the real names of these defendants within 60 days of the entry of the Court's Scheduling Order. (Doc. 28, ¶ 9). Clerk is directed to terminate Defendant John Does.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. F<small>ED</small>. R. A<small>PP</small>. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See F<small>ED</small>. R. A<small>PP</small>. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     June 14, 2017.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
